Bevis, J.
 

 The action of the Secretary of State in forwarding the certificate of amendment to the Superintendent of Building and Loan Associations for approval was based on Section 9643, General Code, which reads in part as follows:
 

 “Associations may be organized and conducted under the general laws of Ohio relating to corporations, except as otherwise provided in this chapter; but, upon receipt of articles of incorporation and all papers relating thereto, the secretary of state shall forthwith transmit to the superintendent of building and loan associations a copy thereof and shall not record such articles of incorporation until duly authorized to do so by the superintendent of building and loan associations as hereafter provided.”
 

 The relator, however, relies upon the provisions of Section 9643-3, General Code, which reads:
 

 “Upon receipt of such certificate from the superintendent of building and loan associations, the secretary of state shall record said articles of incorporation ; one copy thereof, duly certified by the secretary of state shall thereupon be furnished to the incorporators of such corporation, and one copy to the superintendent of building and loan associations, to
 
 *622
 
 be by him filed in his office.
 
 All certificates thereafter filed in the office of the secretary of state relating to such corporation shall he recorded and a certified copy thereof forthwith furnished the superintendent of building and loan associations and filed in his office
 
 (Italics ours.)
 

 It is the relator’s contention that the plain terms of these two sections leave nothing to interpretation; that articles of incorporation and all papers relating thereto must receive the approval of the Superintendent of Building and Loan Associations before they may be filed by the Secretary of State, but that all certificates thereafter filed with him must be filed and recorded immediately upon their presentation.
 

 The answer of the respondent pleads a long-continued administrative practice in favor of the course of action pursued by the Secretary of State. To this the relator replies that as a matter of fact the practice is not sufficiently uniform to furnish the basis for construction of doubtful statutory language; and that, in any event, the statute is so clear as to require no construction at all.
 

 The respondent argues further: (a) that building and loan shareholders, as such, possess no legal authority to effect a reduction of capital stock; (b) that the directors have no legal authority to effect a reduction of the capital stock of a building and loan company by an amendment of the articles of incorporation; (c) that the building and loan association, itself, has no power to effect a reduction of its stated or paid-in capital as distinguished from its authorized capital, and that the effort here was to reduce its stated or paid-in capital.
 

 These considerations may have influenced the Superintendent of Building and Loan Associations to refuse approval of the certificate presented to him, but in the view we take of the case it is not necessary for us to decide the questions so raised.
 

 
 *623
 
 We place our decision squarely upon the ground that before the contemplated change in, the capital structure of this company can be made effective it must receive the approvál of the Superintendent of Building and Loan Associations.
 

 Sections 9643, 9643-1, 9643-2 and 9643-3, General Code, around which this controversy gathers, are parts of an act known as the King Law, found in 110 Ohio Laws, 62. This act was passed, according to its title, “For the better regulation, management and inspection of building and loan associations.”
 

 It amends and supplements prior legislation and must be viewed in connection with the evils it was intended to correct. For the protection of depositors, stockholders, and the public, a large measure of administrative control was placed in the hands of the Superintendent of Building and Loan Associations, a control which has been much further strengthened by legislation subsequently passed. By the provisions of the King Law, approbation by the Superintendent of Building and Loan Associations of the capital structure of a new building and loan association was clearly made a requisite to its obtaining a charter.
 

 If the contention of the relator be sound, an association may secure from the Superintendent of Building and Loan Associations his approval of its original articles, and then, immediately thereafter, amend those articles, without his consent, so as to provide for a capital structure of which he would never approve.
 

 Such an intention can be attributed to the Legislature only if its language is so clear and specific as to compel that conclusion.
 

 We do not think that conclusion inevitable. The requirement of Section 9643, General Code, that the Secretary of State transmit to the Superintendent of Building and Loan Associations for his approval “articles of incorporation and all papers relating thereto” would seem, upon its face, broad enough to
 
 *624
 
 include vital amendments of those articles. Such interpretation, with regard to corporations generally, is given by the terms of Section 8623-2, General Code, subsequently enacted, which reads:
 

 “The term ‘articles’ shall include the articles of incorporation, amendments thereto, agreements of consolidation, certificates of reorganization or amended articles, and all certificates heretofore or hereafter required or permitted to be filed in the office of the secretary of state.”
 

 We do not think that the language of Section 9643-3, General Code, “All certificates thereafter filed in the office of the secretary of state relating to such corporation shall be recorded and a certified copy thereof forthwith furnished the superintendent of building and loan associations and filed in his office”, necessarily compels the conclusion the relator contends for. Section 9643, General Code, says that upon the “receipt” of articles of incorporation and papers relating thereto, they shall be sent to the Superintendent of Building and Loan Associations. Section 9643-3, General Code, says that all certificates thereafter “filed” in the office of the Secretary of State shall be recorded, etc. Clearly, papers may be received but not filed, and, in our opinion, the legal “filing” of such papers as are here in question, can take place only after the approval of the Superintendent of Building and Loan Associations has been obtained.
 

 For the foregoing reasons the application of the relator will be denied.
 

 Writs denied.
 

 Weygandt, C. J., Stephenson, Jones, Matthias and Zimmerman, JJ., concur.
 

 Wilkin, J., not participating.